This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

**v.**                                                    **No. 35,169**

**JESUS LERMA,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

{1}      Defendant appeals from the district court's judgment and sentence, convicting him for aggravated assault on a household member with a deadly weapon, false imprisonment, and battery on a household member. After having rejected the original docketing statement and having received an amended docketing statement, we issued a notice of proposed summary affirmance. Defense counsel has responded to our notice with a memorandum in support, indicating that the analysis contained in our notice relied on accurate facts and law with which defense counsel has no dispute. An appellate defender from the Law Offices of the Public Defender has filed a memorandum in opposition to our notice. We rely solely on the latter document submitted by the appellate defender. Having considered Defendant's arguments, we remain persuaded that sufficient evidence was presented to support Defendant's convictions and affirm.

{2}      On appeal, Defendant challenges the sufficiency of the evidence to support his convictions. To avoid unnecessary duplication of efforts, we do not restate the facts or analysis contained in our notice and respond only to the arguments raised in the memorandum in opposition.

{3}      Defendant's response to our notice contains a thorough recitation of the evidence presented and the applicable law. [MIO 1-6] Both the facts and law are consistent with those relied upon in our notice. Thus, there is no dispute that the facts

upon which we relied were presented to the jury. Defendant maintains that the victim's testimony "was simply not truthful." [MIO 5] As we stated in our notice, a reviewing court does not second-guess the fact-finder's decision on the credibility of witnesses or re-weigh the evidence or substitute its judgment for that of the fact-finder. *See State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057. It is the role of the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482. Our "review for sufficiency of the evidence is deferential to the jury's findings." *Garcia*, 2011-NMSC-003, ¶ 5. "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Montoya*, 2015-NMSC-010, ¶ 52, 345 P.3d 1056 (internal quotation marks and citation omitted). We "view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. We disregard all evidence and inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

3

{4}    Applying this standard to the undisputed facts, we hold that sufficient evidence supports Defendant's convictions based on the analysis contained in our notice. [CN 2-4] Defendant's convictions are affirmed.

{5}    **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**J. MILES HANISEE, Judge**